STATE OF CONNECTICUT *v.* PATRICK WALSH
(AC 20231)

Foti, Schaller and O'Connell, Js.

Argued April 25—officially released August 28, 2001

*Dawne Westbrook*, with whom, on the brief, was *Norman A. Pattis*, for the appellant (defendant).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Kathleen E. McNamara*, assistant state's attorney, for the appellee (state).

### Opinion

O'CONNELL, J. The defendant appeals from the judgments of the trial court ordering the destruction of weapons that had been seized from him pursuant to search warrants that were executed at his home and place of business. He claims that the order was

improper because there was no finding that the weapons had been used in an illegal act and because the court had dismissed the charges that had been brought against him. We reverse the judgments only as to the destruction order and remand the cases to the trial court with direction to issue an order to turn the firearms over to the state police bureau of identification pursuant to General Statutes § 54-36e.[1]

The genesis of the defendant's appeal is the investigation of him as a suspect in a murder case. In the course of that investigation, police obtained a search warrant for the defendant's place of business in New Britain and a second search warrant for his apartment in Bristol. Pursuant to the search of the defendant's business, the police seized a rifle, two handguns and several boxes of ammunition. Because the defendant had been previously convicted of assault in the third degree, he was arrested and charged with criminal possession of a pistol in violation of General Statutes § 53a-217c.[2] Pursuant to the search warrant for his apartment, the police found seven handguns and five rifles.[3] As a result of that search, the defendant was charged, in a separate information, with seven counts of criminal possession of a pistol in violation of § 53a-217c.

---

[1] General Statutes § 54-36e (a) provides: "Except as provided in sections 26-85 and 26-90, firearms, adjudged by the court to be contraband pursuant to subsection (c) of section 54-36a, or adjudicated a nuisance pursuant to section 54-33g, *shall be turned over to the Bureau of Identification of the Connecticut Division of State Police* within the Department of Public Safety for destruction or appropriate use or disposal by sale at public auction." (Emphasis added.)

[2] General Statutes § 53a-217c (a) provides in relevant part: "A person is guilty of criminal possession of a pistol or revolver when such person possesses a pistol or revolver . . . and (1) has been convicted of [inter alia, assault in the third degree] . . . ."

[3] Two of the pistols are classified as assault weapons pursuant to General Statutes § 53-202a, and one of the rifles was stolen in a robbery for which the defendant was awaiting trial in an unrelated case.

In addition to those two cases involving firearms, the investigation also yielded evidence causing the state to charge the defendant with murder. The state elected to try the murder case first. That resulted in a conviction and a sentence of fifty-five years in prison. Because of the murder conviction, the state indicated that it would enter a nolle prosequi as to both of the weapons cases.[4] When the defendant objected to the nolles, the state said that it did not intend to prosecute the cases, and the court, therefore, dismissed them pursuant to General Statutes § 54-56b.[5]

At the time of the dismissals, the defendant requested that the court give the weapons to his father or to a friend. The court denied the defendant's request and ordered the weapons destroyed. The court stated that there was no "reason to return the weapons to a convicted murderer receiving fifty-five years in prison."

It is not disputed that those firearms, with the exception of the stolen rifle, were the defendant's property and that he was a person who had been convicted of a class A felony (murder) and who previously had been convicted of assault in the third degree in violation of General Statutes § 53a-61. General Statutes § 53a-217c specifically prohibits a person who has been convicted of assault in the third degree from possessing any firearm,[6] and 53a-217 prohibits a person who has been convicted of a felony from possessing a pistol or revolver.

We recognize that the defendant did not ask that the court order the weapons delivered to him at his place

---

[4] None of the firearms was used to commit the murder.

[5] General Statutes § 54-56b provides in relevant part: "A nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal . . . ."

[6] General Statutes § 53a-217 (a) provides in relevant part: "A person is guilty of criminal possession of a firearm . . . when such person possesses a firearm . . . and (1) has been convicted of a felony . . . ."

of incarceration. Instead, he seeks to make a gift of them to either his father or to a friend who he designated. That attempted gift does not help the defendant's appeal for two reasons. First, there is no statute that permits a convicted felon to assign his interest in firearms, which he is barred from possessing, to another person. Second, two of the firearms constitute assault weapons, which the prospective donees could not legally possess.[7] Moreover, neither the defendant nor his donees could possess the rifle that was listed as stolen property.

Furthermore, common sense dictates that we consider the totality of circumstances confronting the trial court. In addition to the weapons charges, the defendant has an extensive criminal history that includes the conviction of assault in the third degree and the conviction of murder, for which he is serving a fifty-five year sentence. "It is an abiding principle of jurisprudence that common sense does not take flight when one enters a courtroom"; (internal quotation marks omitted) *Gazo* v. *Stamford*, 255 Conn. 245, 266, 765 A.2d 505 (2001); and "[c]ourts will not pretend to be more ignorant than the rest of mankind." (Internal quotation marks omitted.) *Masline* v. *New York, N.H. & H.R. Co.*, 95 Conn. 702, 709, 112 A. 639 (1921). It exceeds the bounds of reason to suggest that in this case, the court should have ordered a cache of weapons returned to the owner, who is a convicted felon and, a fortiori, legally unable to possess them. See General Statutes § 53a-217c. It is clear that the court appropriately refused to turn this arsenal over to the defendant or to his donees.

A question remains, however, whether it was proper to order the weapons destroyed. Section 54-36e pro-

---

[7] General Statutes § 53-202a (a) provides in relevant part: "[A]ssault weapon means . . . (1) Any selective-fire firearm capable of fully automatic, semiautomatic or burst fire at the option of the user . . . ." (Internal quotation marks omitted.)

vides that the court shall order contraband destroyed. General Statutes § 54-36a (a) (1) defines "contraband" as "any property, the possession of which is prohibited by any provision of the general statutes . . . ." General Statutes § 54-36e provides in relevant part that "firearms, adjudged by the court to be contraband pursuant to subsection (c) of section 54-36a . . . shall be turned over to the Bureau of Identification of the Connecticut Division of State Police within the Department of Public Safety for destruction or appropriate use or disposal by sale at public auction."[8] Although the court did not make an express finding to that effect, it is clear that it considered the weapons to be contraband. Under those circumstances, the court should not have ordered them destroyed, but should have ordered them turned over to the state police bureau of identification pursuant to § 54-36e.

The judgments are reversed only with respect to the order to destroy the weapons and the cases are remanded with direction to order that the weapons be disposed of in accordance with § 54-36e.

In this opinion the other judges concurred.